# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SUMMER KLEIN,

      Plaintiff,

v.

UNITED AIRLINES INC.,
UNITED AIRLINES HOLDINGS, INC., and
UNITED EXPRESS; D/B/A SKYWEST AIRLINES,

      Defendants.

---

## NOTICE OF REMOVAL
---

      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant United Airlines Inc. ("United Airlines") hereby removes this action from the District Court of Denver County, Colorado to the United States District Court for the District of Colorado. In support of this Notice of Removal, United Airlines states as follows:

### I.  PROCEDURAL BACKGROUND

      On June 20, 2023, Plaintiff Summer Klein ("Plaintiff") filed a Complaint and Jury Demand (the "Complaint") in the District Court of Denver County, Colorado, in the case captioned *Summer Klein v. United Airlines Inc., United Airlines Holdings, Inc.*, *and United Express; d/b/a SkyWest Airlines [sic],* Case No. 2023CV031787. On June 21, 2023, Plaintiff filed an Amended Complaint and Jury Demand (the "Amended Complaint"). In accordance with 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1, a copy of Plaintiff's Complaint, Amended Complaint, and all other process, pleadings, and orders filed in the state court are attached hereto

1

as **Exhibits A-1 – A-7**.  In addition, a copy of the current Register of Actions is attached hereto as **Exhibit B**.

Defendant United Airlines was served with the Amended Complaint on June 27, 2023. *See* Affidavit of Service for United Airlines (Exhibit A-7).

As of the date of this Notice of Removal, Plaintiff has not yet served Defendant United Airlines Holdings, Inc. ("United Holdings"), or Defendant United Express; [sic] d/b/a SkyWest Airlines with a copy of the Complaint or Amended Complaint. *See* Register of Actions (Exhibit B).

Plaintiff has asserted a negligence claim and a claim for extreme and outrageous conduct against United Airlines. *See* Amended Complaint (Exhibit A-6) at ¶¶ 17-25. Plaintiff's claims arise out of an alleged incident in which a metal hydro flask container dropped onto Plaintiff's head while Plaintiff was a passenger on United Airlines flight number 1658. *Id.* at ¶¶ 16-21. Plaintiff alleges that as a result of this purported incident, she has sustained physical injuries and emotional distress and has incurred economic damages in excess of $100,000. *Id.* at ¶¶ 27-28; *see also* Civil Case Cover Sheet (Exhibit A-5).

## II.  BASIS OF REMOVAL

This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the alleged amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists among all proper parties to this litigation.

### A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).

The Civil Case Cover Sheet filed with Plaintiff's Amended Complaint contains a certification subject to Colo. R. Civ. P. 11 that Plaintiff is seeking a monetary judgment against Defendants for "more than $100,000" and that the value of Plaintiff's claims is "reasonably believed to exceed $100,000." *See* Civil Case Cover Sheet (Exhibit A-5).

This Court has held that the "amount in controversy" is measured by the value of the object of the litigation, and that such "value" can be either what the plaintiff seeks to recover monetarily, or what the cost would be to the defendant if the plaintiff in fact recovers. *Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208, 1212 (D. Colo. 2007). To determine the amount in controversy, the Court may look at the initial pleading signed and certified by counsel pursuant to C.R.C.P. 11. *Id.* at 1215. *See also Levings v. Interstate Distributor Co.*, 2010 WL 5072021, at *3 (D. Colo. 2010) (finding that the defendant affirmatively established jurisdiction by proving facts, through defense counsel's affidavit, that make it possible that the amount in controversy in the case exceeded $75,000); *Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (holding that Plaintiff checking box on civil cover sheet indicating that the suit sought more than $100,000 was sufficient to put defendant on notice that the amount in controversy exceeded $75,000).

Because Plaintiff has certified that her alleged damages are in excess of $100,000, the amount in controversy in this case satisfies the jurisdictional minimum under 28 U.S.C. § 1332.

### B. Complete Diversity of Citizenship Exists Among Plaintiff and the Defendants.

Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the complaint. *See* 28 U.S.C. §§ 1332 and 1441.

The properly joined parties to this case are Plaintiff, United Airlines, and United Holdings.

Plaintiff is and was at the time the state court action commenced a resident of Colorado. *See* Amended Complaint (Exhibit A-6) at ¶ 1. Accordingly, Plaintiff is a citizen of Colorado for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

Defendant United Airlines is a Delaware corporation with its principal place of business in Chicago, Illinois. *See* Amended Complaint (Exhibit A-6) at ¶ 2.

Defendant United Holdings is also a Delaware corporation with its principal place of business in Chicago, Illinois. *Id.* at ¶ 3.

Accordingly, Defendants United Airlines and United Holdings are not citizens of Colorado for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

The third and final named Defendant, "United Express; [sic] d/b/a SkyWest Airlines," is not a proper defendant because "United Express; [sic] d/b/a SkyWest Airlines" is not an existing business entity. United Express is merely a brand, not a separate, incorporated legal entity capable of being sued. Further, "SkyWest Airlines" is not—as erroneously alleged in the Amended Complaint—a tradename or d/b/a of United Express or United Airlines. For these reasons, the inclusion of "United Express; [sic] d/b/a SkyWest Airlines" as a named Defendant in this case poses no impediment to removal of this action to federal court.[1]

In sum, with Plaintiff being a citizen of Colorado, and United Airlines and United Holdings being citizens of another state that is <u>not</u> Colorado, there is complete diversity of

---

[1] Even if Plaintiff named SkyWest Airlines, Inc. as a defendant in this case, the inclusion of SkyWest Airlines would not destroy diversity jurisdiction because SkyWest Airlines is a Utah corporation with its principal place of business located in Utah.

4

citizenship between the properly joined parties to this lawsuit.

### III.  COMPLIANCE WITH REMOVAL STATUTES

#### A. Proper Venue.

The United States District Court for the District of Colorado encompasses the City and County of Denver, Colorado, the county in which Plaintiff filed the state court action. Therefore, this case is properly removed to this Court under 28 U.S.C. § 1441(a).

#### B. Timeliness of Removal.

United Airlines was served with a copy of the Amended Complaint on June 27, 2023. *See* Affidavit of Service for United Airlines (Exhibit A-7). Because this Notice of Removal was filed within 30 days after service of the Amended Complaint, this removal is timely under the provisions of 28 U.S.C. § 1446(b). No previous application for removal has been made by United Airlines in this matter.

#### C. Consent.

As stated above, neither United Holdings nor United Express; [sic] d/b/a SkyWest Airlines has been served with process in this case. *See* Register of Actions (Exhibit B). As such, consent of said Defendants to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A); *Sheldon v. Khanal*, 502 Fed. Appx. 765, 769–70 (10th Cir. 2012).

#### D. Notice.

Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Clerk for the District Court of the City and County of Denver, Colorado.

5

## IV.  NON-WAIVER OF DEFENSES

In removing this case to federal court, United Airlines has not waived any available defenses to the allegations asserted against it in the Amended Complaint and, unless otherwise stated in its responsive pleadings, United Airlines has not admitted to any of the allegations set forth in the Amended Complaint. United Airlines expressly reserves the right to assert all available defenses to each allegation in the Amended Complaint.

## V.  CONCLUSION AND PRAYER

As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, United Airlines respectfully requests that this lawsuit be removed to the United States District Court for the District of Colorado.

Dated:  July 18, 2023

Respectfully submitted,

*/s/ Mark T. Clouatre*_____
Mark T. Clouatre (#29892)
Adrienne L. Toon (#42984)
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 583-9900
Facsimile:  (303) 583-9999
mark.clouatre@nelsonmullins.com
adrienne.toon@nelsonmullins.com

***Attorneys for Defendant United Airlines, Inc.***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 18th day of July, 2023, I electronically filed the **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff.

  Brian J. Lampert
  LAMPERT & WALSH, LLC
  5281 S. Quebec Street
  Greenwood Village, CO 80111
  chowder22@comcast.net

  *Attorney for Plaintiff*

              */s/ Nick Mangels*
              of Nelson Mullins Riley & Scarborough, LLP