# Exhibit A-6

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: June 21, 2023 3:12 PM<br>FILING ID: 2DC6DD73D5157<br>CASE NUMBER: 2023CV31787 |
| Plaintiff: SUMMER KLEIN<br><br>v.<br><br>Defendant:    UNITED AIRLINES, INC., a foreign corporation; UNITED AIRLINES HOLDINGS, INC., a foreign corporation; and UNITED EXPRESS; d/b/a SKYWEST AIRLINES | ∆ COURT USE ONLY ∆ |
| Attorney for Plaintiff<br>Brain J. Lampert, Esq. #9347<br>Lampert & Walsh, LLC<br>5281 S. Quebec St.<br>Greenwood Village, CO 80111<br>Ph: (720) 489-5848<br>Fx: (720) 489-0540<br>e-mail: chowder22@comcast.net | Case Number:  2023CV031787<br><br>Div:             Courtroom: |
| **AMENDED COMPLAINT AND JURY DEMAND** ||

Plaintiff Summer Klein by and through her attorney of record, for her complaint against Defendants United Airlines, Inc. ("UAL"), United Airlines Holding, Inc., and United Express, states and alleges as follows:

## **PARTIES**

1.     Plaintiff Summer Klein is a resident of 6494 Welch Street, Arvada, CO.

2.     Defendant United Airlines, Inc., (herein after "UAL") is a foreign corporation with its principal address of business at 233 S. Wacker Drive, HDQCT, 14th Floor, Chicago, Illinois 60606.

3.     Defendant, United Airlines Holdings, Inc. is a foreign corporation, which is a holding company for United Airlines, Inc., and Continental Airlines, Inc., merged entities with a

principal place of business at E. ANNA HA – WHQLD 233 SOUTH WACKER DRIVER, CHICAGO, IL 60606.

4. Defendant United Airlines, Inc.'s registered agent in Colorado for service of process within the City and Count of Denver is, The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202.

5. Defendant United Express upon information and belief doing business as SkyWest Airlines, partners with Defendants United Airlines, Inc. and United Airlines Holdings, Inc., and others to operate regional air carriers including Defendant United Express.

6. At all times pursuant hereto, United Airlines Holding, Inc. was the parent company for Defendant United Express. United Express is a regional airline operating under the trade name of United Airlines as a regional carrier for UAL.

## JURISDICTION

7. Each condition precedent to maintaining this cause of action has occurred. The amount in controversy exceeds the minimal jurisdictional limits of this court, exclusive of cost and interest, and jurisdiction and venue are otherwise proper as more fully alleged herein.

8. At all times material to this course of action, United Airlines and United Express were regularly scheduled US commercial air carriers operating air transport for hire.

9. On or about June 22, 2021, Defendants were doing business with the State of Colorado, City and County of Denver. This business included, as alleged herein, the commission of a tort during domestic flight 1658 departing from Las Vegas, Nevada, and arriving at Denver, Colorado.

10. Plaintiff Summer Klein was a properly ticketed passenger aboard UAL Flight 1658. At that time, Plaintiff Klein was 18 years old, having a birthdate of July 7, 2002.

11. Plaintiff Klein purchased a roundtrip ticket from Defendant United Airlines for travel departing to Las Vegas, Nevada and returning to Denver, Colorado. The Plaintiff's booking, reservation and initial boarding of her trip occurred in Colorado.

12. On the UAL return trip, Plaintiff Klein was injured by the actions of the flight crew.

13. All actions of these employees, including pilots' and flight attendants', training, crew management, supervision, inspection, and passenger safety aboard the aircraft were executed within the scope of their employment with the Defendant, United Airlines.

14. Wherefore jurisdiction and venue are proper in the Denver District Court.

## GENERAL ALLEGATIONS

15. Plaintiff incorporates paragraphs 1-13 above as if fully stated herein.

16. This is an action for personal injury and economic and emotional distress suffered by Plaintiff while aboard United Airlines Flight 1658, returning to Denver, Colorado. Plaintiff suffered injuries, damages, and losses as a result of a hit on the head caused by the Defendant United Airlines flight crew.

### FIRST CLAIM FOR RELIEF
(Negligence; All Defendants)

17. Plaintiff incorporates paragraphs 1-16 above as if fully stated herein.

18. As a common air carrier, the Defendants owed Plaintiff certain duties.

19. Notwithstanding its duties, Defendants breached said duty in the following particulars:

    a. Negligently failing to provide safe carriage to Plaintiff;

    b. Negligently failing to prevent the aircraft flight crew from creating a hazardous condition during flight;

    c. Negligently failing to take all reasonable and necessary precautions to ensure that all in-flight risks, such as the one that injured Plaintiff, would not occur;

    d. In the negligent handling of a 32-ounce metal hydro flask container by a flight attendant, who dropped it directly onto the Plaintiff's head;

    e. Negligently failing to act in a reasonably prudent manner, subsequent to the injury to minimize further harm during the flight;

    f. Aggravating the injury and harm to the Plaintiff by providing alcohol to a minor passenger (who just sustained head trauma) which directly exacerbated and prolonged her injury and emotional reaction to the trauma.

20. United Airlines, and other Defendants named, are regularly scheduled air carriers, operating passenger services for hire, and as such, were under a duty to exercise the highest standard of care for the safety of their passengers.

21. As a direct and proximate result of the failure of United Airlines, and other Defendants named, to exercise this highest standard of care for the safety of their passengers, including Plaintiff, Plaintiff Klein suffered the injuries, damages, and losses set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against the Defendants for the damages described herein in addition to such amount as is proved at trial and costs and expenses incurred in bringing this action, including reasonable attorney fees for interest from the date of the subject accident, and for such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
(Extreme and Outrageous Conduct – Emotional Distress; Defendant – United Airlines)

22. Plaintiff incorporates paragraphs 1-21 above as if fully stated herein.

23. Defendant United Airlines, acting by and through its employees, engaged in extreme and outrageous conduct by providing alcohol to a minor passenger (who just sustained head trauma) which directly exacerbated and prolonged her injury and emotional reaction to the trauma.

    a. This conduct is so outrageous in character, and so extreme in degree, that a reasonable member of the community would regard the conduct as atrocious,

4

        going beyond all possible bounds of decency and utterly intolerable in a civilized community.

    b. All knowledge of these facts by a reasonable member of the community would arouse that person's resentment against the defendant and lead that person to conclude that the conduct was extreme and outrageous.

24. The Defendant engaged in this conduct recklessly causing the plaintiff severe emotional distress and other damages as set forth in this complaint.

    a. This is reckless conduct that caused severe emotional distress because at the time of the incident, the Defendant reasonably should have known that there was a substantial probability that providing alcohol to a minor passenger (who just sustained head trauma) would cause severe emotional distress to the Plaintiff.

25. The Defendant's conduct caused the plaintiff severe emotional distress.

WHEREFORE, Plaintiff demands judgment against this Defendant for the damages described herein in addition to such amount as is proved at trial and costs and expenses incurred in bringing this action, including reasonable attorney fees for interest from the date of the subject accident, and for such other relief as the Court deems just and equitable.

## **DAMAGES**

26. Plaintiff incorporates paragraphs 1-25 above as if fully stated herein.

27. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered and continues to suffer, severe injuries, damages, and losses, including, without limitation, economic losses, physical injury, physical impairment, emotional distress, pain and suffering, loss of ability to enjoy life and loss of services. These damages include, but are not limited to:

    a. Concussion and post-concussion syndrome
    b. Traumatic brain injury
    c. Chronic post-traumatic headaches

5

      d. Cognitive impairment
      e. Visual impairment and pseudomyopia diagnosis
      f. Post-traumatic stress disorder ("PTSD")
      g. Severe emotional damage

28. Plaintiff claims all damages allowable pursuant to applicable law, including, without limitation past and future: economic loss; loss of income and benefits; medical expenses; rehabilitation expenses; and non-economic losses including, but not limited to, pain suffering, and emotional distress.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants, jointly and severally, for the damages described herein, in addition to such amount as is proved at trial and the costs and expense incurred in bringing this action, including reasonable attorney fees for interest from the date of the subject incident, and for such other relief as the Court deems just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted this 21st day of June 2023,

        **LAMPERT & WALSH, LLC**

        *A duly signed original is on file at the*
        *law offices of Lampert & Walsh, LLC*

        */s/ Brian J. Lampert*
        Brian J. Lampert, Esq.
        Attorney for Plaintiff

Plaintiff Address:
Summer Klein
10771 Dayton Way, Apt. 150
Henderson, CO 80640